IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSE O. SERNA,

        Plaintiff,

-vs-                                                  No. CIV 02-0003 LH/KBM

THE BOARD OF REGENTS OF THE NEW
MEXICO SCHOOL FOR THE VISUALLY
HANDICAPPED, NELL C. CARNEY, JIM
SALAS and JOHN KENNEDY,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendants, the Board of Regents of the New Mexico School for the Visually Handicapped, Nell C. Carney and Jim Salas', Motion to Strike (Docket No. 30), filed August 2, 2002; Plaintiff's Motion to Determine or Extend Deadline to Respond to Defendant Kennedy's Motion for Sanctions and Motion for Summary Judgment (Docket No. 48), filed September 20, 2002; and Defendants Carney's and Salas's Motion for Leave to File Reply to Defendants' Motion for Summary Judgment (Docket No. 73), filed December 2, 2002.  The Court, having considered the Motions, the memoranda of the parties, and the applicable law, and otherwise being fully informed, finds that the Motion to Strike is well taken in great part and will be **granted in part** and that Plaintiff's Motion regarding deadlines and Defendants' Motion to file a reply will be **granted**.

Claiming attorney-client privilege, Defendants move to strike certain testimony given by Benjamin Carl Rich at his deposition on May 22, 2002, and three exhibits entered into the record at the deposition. (*See* Dfs.' Reply Pl.'s Resp. Mot. Strike 3-5, Sept. 16, 2002.) Plaintiff contends that Defendants have waived the privilege by asserting a qualified immunity defense and naming Defendant Kennedy as a possible witness; that the privilege does not attach because the crime-fraud exception applies; that the attorney's actions were business in nature, rather than legal; and that Defendants have not met their burden in establishing the attorney-client privilege.

Initially, the Court finds that the Board of Regents and its President not only may assert the attorney-client privilege on behalf of New Mexico School for the Visually Handicapped, but that they generally have met their burden of proof in establishing the elements of the privilege with regard to the contested statements and exhibits. Additionally, as Magistrate Judge Molzen discussed in her Memorandum Opinion and Order on Plaintiff's Motion to Compel Discovery (Docket No. 79), Defendants have not waived the attorney-client privilege by asserting a qualified immunity defense and naming their attorney, Defendant Kennedy, as a possible witness. It is also clear that Kennedy's role with regard to the disputed statements and exhibits was to provide legal, not business, advice and the cases cited by Plaintiff are inapposite. Furthermore, even with the content of the privileged material before the Court, Plaintiff has not established the applicability of the crime-fraud exception, which "does not extend to tortious conduct generally, but is limited to attorney advice in furtherance of a *crime* or *fraud*." *Motley v. Marathon Oil Co.*, 71 F.3d 1547,1551-52 (10th Cir. 1995)(emphasis added)(court may conduct *in camera* review of disputed material if party requesting such review makes showing of factual basis adequate to support good

2

faith belief by reasonable person that such review may reveal evidence establishing that crime-fraud exception applies).

Therefore, having carefully reviewed the deposition statements and the exhibits at issue, the Court finds that the following portions are privileged and Defendants' Motion is granted as to:

1. page 20, lines 14 through 19;

2. page 21, line 25 through page 22, line 4;

3. page 27, line 15 through page 28, line 2,
   page 28, line 21 through page 29, line 2, and
   page 29, line 17 through page 30, line 7;

4. page 47, line 17 through page 48, line 11;

5. page 50, line 8 through line 24;

6. page 52, line 21 through page 53, line 3; and

7. Exhibits 5, 6, and 7.

Lastly, given the overriding interest of the courts in adjudicating issues on their merits, to any extent necessary the Court deems Plaintiff's Response to Defendant Kennedy's Motion for Sanctions (Docket No. 47), filed September 19, 2002, and Plaintiff's Response to Defendant Kennedy's Motion for Summary Judgment (Docket No. 50), filed September 20, 2002, timely filed. The Court likewise deems Defendants, Nell Carney and Jim Salas', Reply to Motion for Summary Judgment (Docket No. 74), filed December 2, 2002, timely filed.

**IT IS HEREBY ORDERED** that Defendants, the Board of Regents of the New Mexico School for the Visually Handicapped, Nell C. Carney and Jim Salas', Motion to Strike (Docket No. 30), filed August 2, 2002, is **GRANTED IN PART**.

3

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Determine or Extend Deadline to Respond to Defendant Kennedy's Motion for Sanctions and Motion for Summary Judgment (Docket No. 48), filed September 20, 2002, is **GRANTED**.

**IT IF FURTHER ORDERED** that the Motion for Leave to File Reply to Defendants' Motion for Summary Judgment (Docket No. 73), filed December 2, 2002, is **GRANTED**.

_____
**UNITED STATES DISTRICT JUDGE**